IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

DENNIS J. JOHNSON,

      Plaintiff,

   v.

SHAUN STANLEY,

      Defendant.

CIVIL ACTION NO.: 2:18-cv-117

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action under 42 U.S.C. § 1983 contesting certain alleged actions occurring at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"). Doc. 1. As discussed later in this Report, Plaintiff's cause of action should have been brought pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Pending before the Court are Plaintiff's Complaint, doc. 1, and supplement to Complaint, doc. 6, along with Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*, doc. 3, Motion for Documents, doc. 9, Motion for Appointment of Counsel, doc. 10, and Motion to Commence Civil Proceedings, doc. 11. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the following reasons, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal. Furthermore, the Court **DENIES as moot** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*, Motion for Documents, Motion for Appointment of Counsel, and Motion to Commence Civil Proceedings.

**BACKGROUND**[1]

Plaintiff's cause of action arises out of an accident that occurred while he was on a prison work detail at FCI Jesup.  Doc. 1 at 6.  In April 2015, a stack of steel sheet metal slid from atop a cart and hit Plaintiff in his head, causing severe injuries.  Id.  Here, Plaintiff alleges Defendant Stanley—the institutional Safety Manager at FCI Jesup—violated his constitutional due process rights by not properly filing Plaintiff's accident compensation claim, by not adhering to certain Federal Bureau of Prisons' regulations regarding the investigation and reporting of prison work detail accidents, and by destroying evidence of Plaintiff's accident.  Id. at 11.  Plaintiff claims Defendant Stanley has forever precluded him from collecting compensation from the Inmate Accident Compensation Program ("IACP").[2]  As relief, Plaintiff requests $11 million in compensatory damages and $11 million as punitive damages.

**STANDARD OF REVIEW**

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.

---

[1] All allegations set forth here are taken from Plaintiff's Complaint.  Doc. 1.  During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

[2] Inmate Accident Compensation, 18 U.S.C. § 4126, regulations are codified at 28 C.F.R. § 301 *et seq*.  These Regulations are internally referred to as the Inmate Accident Compensation Program rather than the "Inmate Accident Compensation Act."  28 C.F.R. § 345.62.  Thus, the Court will refer to the collective Regulations under 28 C.F.R. § 301 as the Inmate Accident Compensation Program ("IACP").

The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

## DISCUSSION

### I. Plaintiff's Complaint is Barred by *Res Judicata*

Plaintiff's Complaint in this case is due to be dismissed because it is barred by *res judicata*, (often called claim preclusion), principles. "Res judicata will bar a later action if the following requirements are met: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same." Harmon v. Webster, 263 F. App'x 844, 845 (11th Cir. 2008) (citing Jang v. United Tech. Corp., 206 F.3d 1147, 1149 (11th Cir. 2000)).

Plaintiff has attempted to pursue this cause of action in this Court three times already. The first two suits were asserted against different defendants and under different legal theories:

3

Johnson v. United States, 2:16-cv-22 (S.D. Ga. Sept. 15, 2016), ECF No. 1 [Johnson I] (claims under the Federal Tort Claims Act);and Johnson v. Bd. of Dirs., Fed. Prison Indus. Inc., 2:17-cv-145 (S.D. Ga. Dec. 12, 2017), ECF No. 1 [Johnson II] (claims under Bivens).  The Court dismissed Plaintiff's first case, brought under the Federal Tort Claims Act, for failure to state a claim and informed Plaintiff that he must seek compensation under the IACP.  Johnson I, ECF Nos. 9, 11.  Plaintiff voluntarily dismissed his second case after being informed he could not bring a Bivens action against the Board of Directors.  Johnson II, ECF Nos. 9, 10, 11.

The resolution of Plaintiff's third case precludes this one.  Plaintiff filed a Bivens cause of action in this Court against Defendant Stanley on August 2, 2017, Johnson v. Stanley, Case No. 2:17-cv-91 [Johnson III].  In Johnson III, Plaintiff contended Defendant Stanley's due process violations caused Plaintiff to forfeit a "lump-sum monetary award" he was entitled to under IACP, 28 C.F.R. §§ 301.101–319, and the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. §§ 8101–107.  Plaintiff's due process claims were predicated on Defendant Stanley's alleged failure to adhere to IACP regulations, destruction of evidence from Plaintiff's accident, and false reporting.  Amended Compl., Johnson III, ECF No. 10.  Nonetheless, the Court found Plaintiff failed to state a claim upon which relief could be granted.  Order, Johnson III, ECF No. 11.  In so doing, the Court stated:

> [T]he IACP's reference to awards for injuries covered by Section 8107 of the FECA being "paid in lump sum" is contingent on an approved IACP claim.  28 C.F.R. § 301.314(a), (c)(1).  In other words, an IACP claimant who successfully states a claim for accident compensation at the time of his or her release obtains a lump-sum award for injuries covered under Section 8107.  As Plaintiff has yet to be released, and hence yet to state a valid IACP claim, he is not entitled to any lump-sum payments under the IACP and Section 8107.  Therefore, because Plaintiff has no right, under either the IACP or the FECA, to a "lump-sum monetary award" payable to him while incarcerated, he fails to state a valid procedural due process Bivens claim.

4

Id. at 8–9.  Thus, the Court entered judgment closing the case on May 23, 2018.  J., Johnson III, ECF No. 12.

This Court, a court of competent jurisdiction, dismissed Case Number 2:17-cv-91 because Plaintiff failed to state a claim upon which relief may be granted under § 1915(e)(2)(B)(ii).  That dismissal was a final judgment on the merits.  Harmon, 263 F. App'x at 845; see also NAACP v. Hunt, 891 F.2d 1555, 1560 (11th Cir. 1990) ("[U]nless the court specifies otherwise, dismissal on the grounds that the facts and law show no right to relief operates as an adjudication on the merits."); Bierman v. Tampa Elec. Co., 604 F.2d 929, 930–31 (5th Cir. 1979) (where district court dismissed action sua sponte for failure to prosecute and did not specify whether dismissal was with or without prejudice, dismissal acted as adjudication on merits, such that *res judicata* barred subsequent action presenting same claim); Hall v. Tower Land & Investment Co., 512 F.2d 481, 483 (5th Cir. 1975) (where district judge dismissed first action for failure to state a claim on which relief can be granted but did not indicate whether dismissal order was "with prejudice" or "without prejudice," that order "operates as an adjudication on the merits" for *res judicata* purposes).  Furthermore, both the Plaintiff and the named Defendant in this case are the same parties as those named in Case Number 2:17-cv-91.

Finally, the two causes of action are the same, as the allegations contained in Plaintiff's Complaint in this case are virtually identical to the allegations he made in his complaint in Case Number 2:17-cv-91.  Indeed, Plaintiff alleges no facts occurring after the Court's May 23, 2018 judgment in Johnson III.  Although Plaintiff attempts to pursue a § 1983 claim against Defendant Stanley, his Complaint should be brought under Bivens, because Defendant Stanley, as an employee at FCI Jesup, is a federal actor.  See Bivens, 403 U.S. at 392 (To maintain a Bivens action, there must be a showing that the defendant acted under color of federal law, i.e., engaged

5

in federal action.). Thus, the Court construes Plaintiff's Complaint as being brought under Bivens. Accordingly, the instant action is identical to Plaintiff's prior action, Johnson III, Case Number 2:17-cv-91.

As all the requirements for *res judicata* have been met, Plaintiff's claim is barred, and the Court should, therefore, **DISMISS** his Complaint.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** this action for failure to state a claim, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal. I further **DENY as moot** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*, Motion for Documents, Motion for Appointment of Counsel, and Motion to Commence Civil Proceedings.

Any party seeking to object to this Report and Recommendation is instructed to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. See 28 U.S.C. § 636(b); Federal Rule of Civil Procedure 72(b)(2). Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence. Furthermore, it is not necessary for a party to repeat legal arguments in objections. The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; see Symonette v. V.A. Leasing Corp., 648 F. App'x 787, 790 (11th Cir. 2016); Mitchell v. United States, 612 F. App'x 542, 545 (11th Cir. 2015).

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 1st day of May, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA